Opinion issued March
8, 2012.

 



 

 

 

 

 

 

In
The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-12-00041-CR

____________

 








MARITZA JANETH BARDALES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 337th
District Court

Harris County, Texas

Trial Court Cause No. 1298231

 




 
 
 
 
 
 
 


 



MEMORANDUM
OPINION








          Appellant,
Maritza Janeth Bardales,
pleaded guilty to the felony offense of recklessly causing serious bodily
injury to a child.[1]  The trial court deferred a finding of guilt
and, in accordance with the terms of appellant’s plea bargain agreement with
the State, placed appellant on community supervision for a period of six years
and assessed a fine of $300.  Appellant
filed a notice of appeal.  We dismiss the
appeal. 

In a plea bargain case, a defendant
may appeal only those matters that were raised by written motion filed and
ruled on before trial, or after getting the trial court’s permission to appeal.  Tex.
R. App. P. 25.2(a)(2).  An appeal must be dismissed if a certification
showing that the defendant has the right of appeal has not been made part of
the record.  Tex. R. App. P.
25.2(d).

Here, the trial court’s certification
is included in the record on appeal. See
id.  The trial court’s certification
states that this is a plea bargain case and that the defendant has no right of
appeal.  See Tex. R. App. P.
25.2(a)(2).  The
record supports the trial court’s certification. See Dears v. State, 154 S.W.3d 610, 615
(Tex. Crim. App. 2005).  Because
appellant has no right of appeal, we must dismiss this appeal.  See Chavez
v. State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (“A court of appeals,
while having jurisdiction to ascertain whether an appellant who plea-bargained
is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal
without further action, regardless of the basis for the appeal.”). 

Accordingly, we dismiss the appeal
for want of jurisdiction.  All pending
motions are dismissed as moot.

PER CURIAM

Panel consists of Justices Jennings, Massengale, and Huddle.

 

Do not publish. 
Tex. R. App. P.
47.2(b).    











[1]
             See Tex. Penal Code Ann.
§ 22.04(a)(1), (e) (West Supp. 2011).